Walter PICKETT, individually, and on behalf of others similarly situated, Plaintiff,

v.

SIMOS INSOURCING SOLUTIONS, CORP., a Georgia corporation, Defendant.

No. 17–cv–1013

United States District Court, N.D. Illinois, Eastern Division.

Filed 04/18/2017

Signed April 19, 2017

Christopher McNerney, Ossai Miazad, Outten & Golden LLP, New York, NY, Paul William Mollica, Outten & Golden, Chicago, IL, for Plaintiff.

Melissa Anne Siebert, Joel Griswold, Baker & Hostetler LLP, Chicago, IL, for Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICE OF SETTLEMENT**

Matthew F. Kennelly, United States District Judge

The above-entitled matter came before the Court on Plaintiff's Motion for Prelimi-

nary Approval of Class Action Settlement, Conditional Certification of Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Plaintiff's Proposed Notice of Settlement ("Motion for Preliminary Approval").

**I. The Settlement is Preliminarily Approved.**

■ 1. At the preliminary approval stage, the Court's task is to "determine whether the proposed settlement is within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980).

■ 2. Based upon the Court's review of Plaintiff's Memorandum of Law in Support of their Motion for Preliminary Approval, and supporting papers, the Court finds that the $1,130,000 settlement memorialized in the Settlement Agreement[1] is within the range of possible approval, reasonable, and grants preliminary approval.

**II. The Proposed Rule 23 Settlement Classes are Certified.**

■ 3. "The certification of a class is within the sound discretion of the trial court ...." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 306 (7th Cir. 1985). "Provisional settlement, class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, [and] ensuring notification of all class members of the terms of the proposed [s]ettlement [a]greement ...." *Zolkos v. Scriptfleet, Inc.*, No. 12 Civ. 8230, 2014 WL 7011819, at *2 (N.D. Ill. Dec. 12, 2014); *see also* Herbert B. Newberg & Alba Conte, *New-*

---

1. Capitalized terms have the meanings given to them in the Motion for Preliminary Approval.

*berg on Class Actions* ("Newberg"), § 11.27 (4th ed. 2002) ("When the court has not yet entered a formal order determining that the action may be maintained as a class action, the parties may stipulate that it be maintained as a class action for the purpose of settlement only."). Under Federal Rule of Civil Procedure ("Rule") 23, a class action may be maintained if all of the prongs of Rule 23(a) are met, as well as one of the prongs of Rule 23(b). *See* Fed. R. Civ. P. 23.

4. Here, the Court finds that certification of the proposed FCRA Disclosure Class and FCRA Consumer Report Classes is warranted, for settlement purposes, under Federal Rules of Civil Procedure 23(a) and (b)(3). Plaintiff's common contentions—that Defendant had a uniformly defective form authorizing consumer reports and uniformly failed to provide individuals with pre-adverse action notice packets—predominate over any issues affecting only individual Class Members. Class adjudication is superior because, among other reasons, the potential recovery for putative Class Members is comparatively modest—even if Class Members were to recover full statutory damages—when compared with the effort it would take to assert them individually in court.

### III. Plaintiff's Counsel are Appointed Class Counsel.

5. The Court finds Plaintiff's Counsel, Outten & Golden, LLP, to be adequate and appoints them as Class Counsel.

### IV. The Notice and Claim Form is Approved.

6. The Notice and Claim Form fully complies with due process and Rule 23(c)(2)(B), and is approved. It describes the settlement's terms, informs putative Class Members about the allocation of fees and costs, and provides the date, time, and place of the final approval hearing and Class Members' ability to exclude themselves or object.

### V. The Proposed Class Action Settlement Procedure is Approved.

7. The settlement procedure laid out in the settlement approval papers is approved.

8. A Fairness Hearing will be held on August 7, 2017, at 9:30 a.m.

9. The Settlement Class Members' Information (not including Social Security Numbers or applicant identification numbers) shall be provided, by the Settlement Administrator, to Class Counsel on the day the Settlement Administrator sends out notices and claim forms to Class Members. Class Counsel will use this information only to aid in responding to inquiries by Class Members, and will not use it to affirmatively reach out to Class Members. Once settlement administration has been concluded, Class Counsel will delete the Settlement Class Members' Information provided by the Settlement Administrator.

It is so ORDERED this 19th day of April, 2017.